Ian **FOX**, Plaintiff,

v.

The **LUMMUS COMPANY**, Defendant.

No. 81 Civ. 0108 (CBM).

United States District Court, S. D. New York.

March 19, 1981.

Crotti & Gurland, P. C., New York City by Jerome H. Diamond, New York City, for plaintiff.

Cahill Gordon & Reindel, New York City by Raymond L. Falls, Jr., James P. Tracy, New York City, for defendant.

MOTLEY, District Judge.

This action arises out of an employment agreement between plaintiff, Ian Fox, a resident of England, and defendant, The Lummus Company, a New Jersey corporation doing business in New York. The agreement, entitled "Iraqi Jobsite Employment Agreement" (the Employment Agreement), related to plaintiff's employment as a sub-contact administrator at defendant's construction project in Basrah, Iraq. Plaintiff claims that defendant breached the Employment Agreement by unjustly withholding salary earned by plaintiff and by denying plaintiff holiday leave and in other ways "harassing" him. Defendant has

moved for an order 1) dismissing the first three causes of action of the complaint for failure to state a claim upon which relief may be granted, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; 2) directing plaintiff to give a more definite statement of the fourth cause of action, pursuant to Rule 12(e); and 3) striking allegations of pain and suffering and related requests for relief from the fourth cause of action, pursuant to Rule 12(f). For the reasons discussed below, defendant's motions are granted.

Paragraph 5 of the Employment Agreement, which plaintiff quotes in paragraph 6 of the complaint, provided:

"The Employee's salary will be reduced by monthly amounts based upon the attached compensation worksheet for theoretical taxes calculated on base pay plus overtime. The Company will hold the Employee harmless for Iraqi and/or home country taxes on Company earned income only. Employee shall be responsible for payment of any and all taxes on outside income only."[1]

Addendum B of the Employment Agreement, entitled "Earnings Calculation," sets forth monthly computations for base salary, overtime, total taxable salary, overseas and hardship allowance, total monthly salary, theoretical tax and net monthly salary. *See* Complaint, ¶ 7.

The complaint states at paragraph 8 that "the foregoing constituted the entire understanding between the parties related to salary and tax withholding and no subsequent oral or written agreement relative thereto has been executed by said parties in any jurisdiction at any time." Plaintiff goes on to allege that, since no tax was ever levied by any governmental authority upon plaintiff's salary, defendant's deduction of "theoretical taxes" was improper and that plaintiff is entitled to refund of the amounts so deducted.

█ It is clear that the complaint does not allege that defendant breached the express terms of the Employment Agreement. Indeed, plaintiff's claim is that defendant did exactly what the contract stated it would do—reduce plaintiff's salary by a theoretical tax in the amount set forth on the earnings calculation addendum of the agreement. The contract nowhere provided for subsequent payment to plaintiff of the amount deducted, as plaintiff now requests. Plaintiff, however, argues that the court should imply such a payment term. This the court may not do, in light of the express provision of paragraph 5 of the Employment Agreement.

While the fact that a particular provision has not been expressly stated in a contract does not necessarily mean that no such promise exists, "a party who asserts the existence of an implied-in-fact covenant bears a heavy burden, for it is not the function of the courts to remake the contract agreed to by the parties, but rather to enforce it as it exists." *Rowe v. Great Atlantic and Pacific Tea Co., Inc.*, 46 N.Y.2d 62, 69, 412 N.Y.S.2d 827, 831, 385 N.E.2d 566 (1978). This burden is met only by proving that the particular unexpressed promise is in fact implicit in the agreement viewed as a whole. *Id.* The additional payment term plaintiff would have this court imply is inconsistent with the provision in paragraph 5 of the Employment Agreement that plaintiff's salary would be reduced each month by a specified amount. It is well established under New York law that, "where the expressed intention of contracting parties is clear, a contrary intent will not be created by implication." *Neuman v. Pike*, 591 F.2d 191, 194 (2d Cir. 1979).

█ Plaintiff alternatively contends that he is entitled to payment by the defendant under a theory of unjust enrichment or recovery in quasi-contract, which allows the courts to impose a duty to refund money to the person to whom it rightfully belongs. This argument also must fail. A quasi or constructive contract rests upon the equitable principle that a person shall

---

1. Defendant explains in its Memorandum in support of its motions that the purpose of this "theoretical tax" provision was to equalize the salaries of employees of differing nationalities working at the construction site in order to avoid discord among them.

not be allowed to enrich himself at the expense of another. It is an obligation created by law only in the absence of an agreement between the parties. *Bradkin v. Leverton*, 26 N.Y.2d 192, 309 N.Y.S.2d 192, 257 N.E.2d 643 (1970). As already noted above, where, as here, a written contract does exist, the duty of the courts is to enforce it. Accordingly, defendant's motion to dismiss plaintiff's first three causes of action pertaining to the reduction of plaintiff's salary is granted.

■ Plaintiff's fourth cause of action alleges that defendant also breached the employment contract by failing to provide plaintiff with back salary and with various leaves and expenses and by "a course of constant harrassment (sic) and pressure the object of which was to make the plaintiff leave his position prematurely. . . ." Defendant claims that the allegation of "harrassment and pressure" is so vague and ambiguous that defendant cannot reasonably be required to frame a responsive pleading and that it warrants a more definite statement in accordance with Rule 12(e) of the Federal Rules of Civil Procedure. The court agrees. Plaintiff, therefore, is directed to amend his complaint to state which acts of defendant constituted the alleged "harrassment and pressure," when such acts occurred, and which persons committed such acts.

■ Finally, defendant moves for an order striking from paragraph 22 of the complaint plaintiff's allegation that defendant's breach of the employment contract caused him "great mental and physical anguish and suffering" and paragraph 23 which alleges that plaintiff has sustained injuries in the amount of $100,000 as a result of the alleged breach. Defendant argues that such alleged non-economic injury is not cognizable as a matter of law.

"The New York rule is that damages for breach of an employment contract are limited to the unpaid salary to which the employee would be entitled under the contract less the amount by which he should have mitigated his damages."

*Quinn v. Straus Broadcasting Group, Inc.*, 309 F.Supp. 1208, 1209 (S.D.N.Y.1970). New York courts have accordingly stricken from the complaint allegations of and demands for damages resulting from mental anguish in breach of employment contract cases. *See Amaducci v. Metropolitan Opera Association*, 33 App.Div.2d 542, 304 N.Y. S.2d 322 (1st Dept. 1969). Since, under New York law, plaintiff's damages are limited to his economic injuries, the allegation of mental distress is immaterial and will be stricken pursuant to Rule 12(f). For the same reason, paragraph 23 of the complaint and subparagraph 4 of the *ad damnum* clause demanding $100,000 are clearly excessive and will also be stricken.

■ In his Memorandum in opposition to defendant's motions plaintiff suggests that the complaint states a cause of action in tort, for which damages for intentionally inflicted emotional distress may be awarded. The complaint, however, does not state any allegations that would amount to a claim that defendant committed a tort, specifically intentional infliction of emotional harm, in a manner that would fairly notify defendant of such a claim or reasonably allow defendant to respond.

In summary, defendant's motions for an order dismissing the first three causes of action, directing plaintiff to state more definitely the fourth cause of action, and striking allegations of mental anguish and suffering in paragraph 22, as well as paragraph 23 and subparagraph 24 of the *ad damnum* clause, are all granted. Plaintiff may file an amended complaint in accordance with this opinion within 20 days of the filing of the order which accompanies this opinion.

SO ORDERED.