■ GARY L. HOFFMAN, Respondent, v BROKERS' MARKETPLACE, INC., et al., Appellants. — Order and judgment unanimously affirmed, with costs. Memorandum: Paragraph 7(a) of the employment contract between the parties refers to "ownership interests or rights" acquired by plaintiff pursuant to paragraph 4(b) of the contract, which clearly creates a permanent entitlement of a 15% ownership interest once the net commissions reach the $100,000 level. Defendants' contention that the "buyout" formula specified in paragraph 7(a) is based on plaintiff's

actual stockholdings at the time of termination of the employment requires the insertion of additional language of limitation which does not appear in the contract, although the record demonstrates that ample opportunity and a number of ways existed to accomplish that purpose and express that meaning. Further, since the contract is not ambiguous, the extrinsic evidence shown in the record is relevant only with relation to defendants' contention that plaintiff should be estopped from asserting that the contract, as written, grants him a fixed 15% interest because he participated as a director in the restructuring of the corporation's capital which resulted in the dilution of his actual stockholdings from 15% to 2.55% of the outstanding shares. Defendants have not factually demonstrated (see *Zuckerman v City of New York,* 49 NY2d 557, 560) their good-faith reliance and change of position due to plaintiff's conduct (see *Holm v C.M.P. Sheet Metal,* 89 AD2d 229, 234) and, quite to the contrary, it appears that they benefited from plaintiff's failure to assert his rights under the contract when shares were sold which otherwise should have been issued without cost to him. (Appeal from order and judgment of Supreme Court, Erie County, Wolf, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, Green and Schnepp, JJ.