■ HELEN CHADIRJIAN, as Executrix of MICHAEL CHADIRJIAN, Deceased, Appellant, v CHARLES KANIAN et al., Respondents.— In an action to recover damages based upon breach of contract and unjust enrichment, and for an accounting to determine the value of the defendant Tars Center, Inc., as well as the real estate upon which it is situated, the plaintiff appeals from an order of the Supreme Court, Queens County (Durante, J.), dated October 18, 1985, which granted the defendants' motion for summary judgment dismissing her complaint, and directed her to tender her deceased husband's shares in the defendant Tars Center, Inc., back to the corporation for repurchase pursuant to a stockholders' agreement dated November 30, 1976.

Order affirmed, with costs.

On November 30, 1976, the defendant Charles Kanian and the plaintiff's deceased husband, who were the sole shareholders in the defendant corporation Tars Center, Inc., entered into a shareholders' agreement. The agreement provided, in part, that upon the death of either shareholder, his shares should be immediately tendered back to the corporation for repurchase. It further specified that at the time of execution of the agreement the shareholders agreed that the total value of the corporation was $100,000, and "[t]hat in the event of death of one (1) of the stockholders, *or until the value is changed by mutual agreement and set forth in writing* on the attached schedule, the value of the deceased partner's stock will be fifty thousand ($50,000.00) dollars" (emphasis supplied). It is undisputed that the shareholders never made any *written* agreement to change the value ascribed to the stock in the shareholders' agreement. However, the plaintiff alleges that it was *orally* agreed that the value would be increased, although no specific new value was agreed upon.

General Obligations Law § 15-301 (1) provides: "A written agreement or other written instrument which contains a provision to the effect that it cannot be changed orally, cannot be changed by an executory agreement unless such executory agreement is in writing and signed by the party against whom enforcement of the change is sought or by his agent." The plaintiff submits that the alleged oral modification is enforce-

able despite this provision, under the doctrines of partial performance and equitable estoppel. At the very least, she contends that she set forth sufficient facts to create triable issues as to whether either or both of these doctrines apply in the present case. We reject these contentions.

The partial performance claim is based upon the allegation that in 1983, the defendants, after learning of the terminal illness of the plaintiff's husband, hired a real estate firm to appraise the value of the real property at which the defendant corporation ran its business and which it leased from the defendant Kanian and the plaintiff's husband who held it as joint tenants. However, it is unclear how this alleged action by the defendants constituted partial performance of the purported oral modification of the shareholders' agreement to increase the value ascribed to the corporation, and the shareholders' stock. The alleged performance certainly was not unequivocally referable to the alleged oral modification as required by the doctrine of partial performance (see, Rose v Spa Realty Assoc., 42 NY2d 338, 345).

With regard to the claim of equitable estoppel, the plaintiff submits that the defendants induced her and her husband to rely upon their representations that they would increase the value ascribed to the defendant corporation in the original shareholders' agreement to its allegedly increased current market value. In order to establish a claim based upon equitable estoppel, a plaintiff must prove that her reliance upon the words or actions of the defendant was "justifiable" and that in consequence of such reliance, she prejudicially changed her position (see, Nassau Trust Co. v Montrose Concrete Prods. Corp., 56 NY2d 175, 184). The plaintiff in this case has failed to set forth facts which would demonstrate either justifiable reliance or a prejudicial change in position. The plaintiff and her husband knew or should have known that the only way that the value ascribed to the corporation and its stock could be increased was by a mutual agreement made in writing by both shareholders. Thus, even if they could have reasonably trusted the defendant Kanian to take care of adjusting the value ascribed to the stock (which they could not), Kanian lacked the power to effect such a change in the original agreement on his own. Mr. and Mrs. Chadirjian, therefore, had no justifiable basis for relying upon any such alleged representation made to them by Kanian. Further, as mentioned above, the plaintiff has failed to set forth facts explaining how she or her husband prejudicially changed their position in reliance upon the defendants' representations.

In sum, the plaintiff has failed to set forth facts which would allow her to overcome the Statute of Frauds bar to the enforcement of the alleged oral modification of the original shareholders' agreement, either on the ground of partial performance or equitable estoppel, and accordingly, summary judgment was properly granted as to her claim for breach of contract.

The plaintiff also asserts a claim in quasi contract based on an unjust enrichment theory. She seemingly contends that the court should imply a modification of the shareholders' agreement increasing the value ascribed to the corporation and the stock in order to prevent the defendants from unjustly enriching themselves at the expense of the plaintiff. An agreement may be implied under the doctrine of unjust enrichment in order to prevent one person who has obtained a benefit from another without ever entering into a contract with that person from unjustly enriching himself at the other party's expense (see, Bradkin v Leverton, 26 NY2d 192, 196-197; Waldman v Englishtown Sportswear, 92 AD2d 833, 836). However, an agreement will not be implied under this doctrine in a case such as this, where there is a valid express agreement between the parties which explicitly covers the same specific subject matter for which the implied agreement is sought (see, 50 NY Jur, Restitution and Implied Contracts, § 94, at 424). Consequently, the court correctly granted summary judgment with respect to the claim based upon unjust enrichment. Thompson, J. P., Niehoff, Eiber and Spatt, JJ., concur.