■ GEORGIOS DIMACOPOULOS, Appellant, v CONSORT DEVELOPMENT CORP. et al., Defendants, and ASTORIA FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent.—In an action, *inter alia,* to recover damages for breach of a building loan mortgage agreement, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (LeVine, J.), dated October 31, 1988, as granted the defendant Astoria Federal Savings & Loan Association's motion for summary judgment dismissing the complaint as asserted against it and denied his cross motion for specific performance of the agreement.

Ordered that the order is affirmed insofar as appealed from, with costs.

On April 10, 1985, the appellant and the respondent, Astoria Federal Savings & Loan Association entered into a mortgage agreement whereby the respondent agreed to provide the appellant with building loan advances of up to $400,000. The mortgage agreement gave the respondent broad discretionary power with respect to the manner and timing of loan advances to be made to the appellant, and expressly conditioned the payment of these advances upon the completion of each stage

of construction in accordance with approved plans and specifications. However, it is undisputed that construction upon the mortgaged building ceased prior to completion of the construction project. Thus, the respondent was not obligated to make further loan advances to the appellant pursuant to the subject agreement. It is well settled that " 'a mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of waiver by the mortgagee, or estoppel, or bad faith, fraud, oppressive or unconscionable conduct on the latter's part' " *(Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183; *see, Ferlazzo v Riley,* 278 NY 289, 292). Contrary to the appellant's contentions, it cannot be said that the respondent acted unconscionably in refusing to advance loan installments for construction work which had not been performed, and, therefore, he is bound by the terms of the subject agreement *(see, Thrift Assns. Serv. Corp. v Legend of Irvington Joint Venture,* 152 AD2d 666).

Similarly lacking in merit is the appellant's contention that the respondent should be estopped from halting the loan advances because one of its employees allegedly represented that the advances would resume if construction upon the project resumed. An estoppel " ' "rests upon the word or deed of one party upon which another rightfully relies and so relying changes his position to his injury" ' " *(Nassau Trust Co. v Montrose Concrete Prods. Corp., supra,* at 184). However, we find no support for the appellant's assertions that the respondent's employee ever made such a representation to him, or that he detrimentally relied upon or prejudicially changed his position based upon the purported representation. The appellant has therefore failed to raise a triable issue of fact on equitable estoppel grounds *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp., supra; Chadirjian v Kanian,* 123 AD2d 596). Accordingly, we conclude that the Supreme Court properly granted the respondent's motion for summary judgment dismissing the complaint as asserted against it and denied the appellant's cross motion for specific performance of the agreement. Brown, J. P., Kunzeman, Eiber and Balletta, JJ., concur.