**SEIDEN ASSOCIATES, INC., Plaintiff,**

v.

**ANC HOLDINGS, INC. and American National Can Company, Defendants.**

**No. 90 Civ. 5130 (MBM).**

United States District Court,
S.D. New York.

Jan. 15, 1991.

Michael R. Young, Willkie Farr & Gallagher, New York City, for plaintiff.

Jeremy G. Epstein, Michael W. Jahnke, Shearman & Sterling, New York City, for defendants.

## OPINION AND ORDER

MUKASEY, District Judge.

Plaintiff Seiden Associates, a New York executive recruiting firm, sues for a fee allegedly earned by causing William N. Sick Jr. to be hired as chief executive officer of American National Can Company ("Can"), a Delaware Corporation with its principal place of business in Chicago. The obligation to pay is said to arise from a letter contract dated October 31, 1986 between Seiden on the one hand, and Can and Triangle Industries, Inc. ("Triangle"), the predecessor of Can's current parent corporation, on the other. The current parent, ANC Holdings, Inc. ("ANC"), a Delaware corporation based in Connecticut, is a defendant; according to the complaint, ANC was formerly known as Triangle. Jurisdiction is based on diversity of citizenship.

Plaintiff's legal theories include breach of contract, quantum meruit, and unjust enrichment. Defendants now move to dismiss the quantum meruit and unjust enrichment claims, arguing that plaintiff may not pursue such theories of implied contract when there exists an express contract concerning the same subject matter allegedly covered by the implied contract. Defendants have not moved against the claim based on the written contract, but they have asserted in their Answer that the written contract bound only Triangle, not ANC or Can. For the reasons set forth below, defendants' motion is denied.

### I.

Plaintiff's first claim seeks monetary relief for defendants' alleged breach of the letter agreement, while its second and third claims seek the same relief under the alternative theories of quantum meruit and unjust enrichment.[1] Quantum meruit, meaning "as much as he deserves," is an expression that describes the extent of liability on a contract implied in law in order to prevent a party's unjust enrichment. *Black's Law Dictionary* 649 (abridged 5th ed. 1983). This implied in law contract usually is referred to as a "quasi contract." *Clark–Fitzpatrick, Inc. v. Long Island R. Co.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 656, 516 N.E.2d 190 (1987). Quasi contractual relief is separate and distinct from contractual relief and "only applies in the absence of an express agreement ... in

---

1. It is unnecessary at this stage to address whether the separate claims sounding in quantum meruit (quasi contract) and unjust enrichment are simply different labels for the same right to noncontractual relief sought by plaintiff. *See Clark–Fitzpatrick, Inc. v. Long Island R.R.*, 70 N.Y.2d 382, 388, 521 N.Y.S.2d 653, 656, 516 N.E.2d 190 (1987) (describing defendant's unjust enrichment as an element of plaintiff's quasi contract claim); 22 N.Y.Jur 2d, *Contracts*, § 447, at 376 (1982) (describing unjust enrichment as a prerequisite for an action on a quasi contract).

order to prevent a party's unjust enrichment." *Id.* (citations omitted).

"Quasi contracts are not contracts at all, although they give rise to obligations more akin to those stemming from contract than from tort. The contract is a mere fiction, a form imposed in order to adapt the case to a given remedy ... Briefly stated, a quasi-contractual obligation is one imposed by law *where there has been no agreement or expression of assent, by word or act, on the part of either party involved.* The law creates it, regardless of the intention of the parties, to assure a just and equitable result"

*Id.* (quoting *Bradkin v. Leverton*, 26 N.Y.2d 192, 196, 309 N.Y.S.2d 192, 196, 257 N.E.2d 643 (1970)) (emphasis in original) (ellipses in original). *See also Chadirjian v. Kanian*, 123 A.D.2d 596, 598, 506 N.Y.S.2d 880, 882 (2d Dep't 1986) ("An agreement may be implied under the doctrine of unjust enrichment in order to prevent one person who has obtained a benefit from another without ever entering into a contract with that person from unjustly enriching himself at the other party's expense.").

The quasi contract, which is implied in law in order to prevent unjust enrichment, should be distinguished from a contract implied in fact, which is a true contract. *Parsa v. State*, 64 N.Y.2d 143, 148, 485 N.Y.S.2d 27, 29, 474 N.E.2d 235 (1984); *see generally* 22 N.Y.Jur 2d, *Contracts*, § 446 at 375 (1982) (discussing differences between the two classes of implied contracts). "[A] contract implied in fact, rests upon the conduct of the parties and not their verbal or written words. It is a *true contract* based upon an implied promise...." *Parsa*, 64 N.Y.2d at 148, 485 N.Y.S.2d at 29 (emphasis added). Such contracts "arise in the absence of an express agreement and are based on the conduct of the parties, from which a fact finder may fairly infer the existence and terms of a contract."

*Radio Today, Inc. v. Westwood One, Inc.*, 684 F.Supp. 68, 71 (S.D.N.Y.1988).

■ To the extent there is a valid and enforceable contract between plaintiff and defendants, plaintiff will not be able to seek recovery in quasi contract in addition to or in conflict with the express terms of that contract. *Radio Today*, 684 F.Supp. at 72 (denying recovery for defendant's alleged breach of contract to pay for use of radio format developed by plaintiff where contract by its terms involved only payment for radio programs produced by plaintiff); *Clark–Fitzpatrick*, 70 N.Y.2d at 389, 521 N.Y.S.2d at 656, 516 N.E.2d 190 (where "it is undisputed that the relationship between the parties was defined by a written contract" and that written construction contract specifically provided method for computing price adjustments, plaintiff was not entitled to quasi contract relief for damages sustained as a result of substantial design changes). However, to the extent there is found to be no such contract between plaintiff and defendants, plaintiff may be able to recover on alternative theories of quantum meruit and unjust enrichment. *See Farash v. Sykes Datatronics, Inc.*, 59 N.Y.2d 500, 504–05, 465 N.Y.S.2d 917, 919–20, 452 N.E.2d 1245 (1983) (allowing recovery in quasi contract where claim to enforce an oral lease was barred by statute of frauds).

■ Both Fed.R.Civ.P. 8(e)(2)[2] and the pleading rules of New York State law permit the pleading of contradictory claims alleging both breach of a contract or, in the alternative, a quasi contract. *See Paper Corp. of U.S. v. Schoeller Technical Papers, Inc.*, 742 F.Supp. 808, 812 (S.D.N.Y. 1990); *Quadion Corp. v. Mache*, 738 F.Supp. 270, 278 (N.D.Ill.1990); *Skinner v. Shirley of Hollywood*, 723 F.Supp. 50, 56 (N.D.Ill.1989); *Braman v. Woodfield Gardens Associates*, 715 F.Supp. 226, 229 (N.D. Ill.1989); *Farash*, 59 N.Y.2d at 504, 465 N.Y.S.2d at 919, 452 N.E.2d 1245; *see also*

---

**2.** Fed.R.Civ.P. 8(e)(2) provides:

A party may set forth two or more statements of a claim or defense alternately or hypothetically either in one count .. or in separate counts.... A party may also state as many separate claims or defenses as the party has regardless of consistency and whether based on legal, equitable, or maritime grounds.

*Baii Banking Corporation v. Atlantic Richfield Company*, 1990 WL 151124 *5 (S.D.N.Y. October 3, 1990) (allowing alternative pleading of claims sounding in contract and promissory estoppel).[3] Dismissal of plaintiff's alternative theories at this stage would violate the liberal policy of Rule 8(e)(2) which allows plaintiffs wide "latitude" in framing their right to recover. *See MacFarlane v. Grasso*, 696 F.2d 217, 224 (2d Cir.1982).

## II.

■ Defendants seek to dismiss the quantum meruit claims and unjust enrichment claims on the theory that "the existence of an express contract governing a particular subject matter bars recovery under theories of quantum meruit (implied contract) or unjust enrichment (quasi-contract) for events arising out of the same subject matter." *Defendants' Memorandum of Law* at 3.

There are several flaws in defendants' theory. First, as noted above, alternative pleading of contradictory claims is explicitly allowed under the Federal Rules of Civil Procedure. Second, close examination of the cases cited by defendants demonstrates that defendants' theory is an overly broad generalization of governing law. It is the existence of an express contract *between the parties* that bars recovery under the alternative theories for events arising out of the same subject matter as that contract. Here, defendants argue, at least in their Answer, that the express contract was with another party. (Answer ¶ 8, 9) Finally the statement fails to make the critical distinction between contracts implied in fact, which are actual contracts overridden by any contradictory written contract on the same subject, and contracts implied in law (quasi contracts). As mentioned above, quasi contracts are imposed by courts where the absence of an enforce-

able contract would otherwise lead to unjust enrichment of a party.

While the existence of an enforceable contract *between the parties* will prevent recovery in quasi-contract, as between those parties, *see, e.g., Yonkers v. Otis Elevator Co.*, 844 F.Supp. 42, 48 (2d Cir.1988); *Nelson v. Stanley Blacker, Inc.*, 713 F.Supp. 107, 111 (S.D.N.Y.1989); *Radio Today*, 684 F.Supp. at 71; *Fox v. Lummus Co.* 524 F.Supp. 27, 29 (S.D.N.Y.1981), the mere existence of a written contract governing the same subject matter does not preclude such recovery from non parties so long as the other requirements for quasi contracts are met. Defendants' reliance on *Julien J. Studley, Inc. v. New York News, Inc.*, 70 N.Y.2d 628, 629, 518 N.Y.S.2d 779, 780, 512 N.E.2d 300 (Ct.App.1987) is misplaced. *Studley* holds only that the existence of a written contract, which stated that a real estate broker was acting as agent of a buyer, precluded the finding of an inconsistent "implied in fact" contract—*i.e.*, a brokerage contract between the broker and a seller. This proposition differs significantly from the one advanced by defendants: that the existence of a valid contract on the same subject bars quasi contract relief as a matter of law, even from parties not bound by that contract.

In *Feigen v. Advance Capital Management Corp.*, 150 A.D.2d 281, 541 N.Y.S.2d 797, 799 (1st Dep't), *appeal dismissed*, 74 N.Y.2d 874, 547 N.Y.S.2d 840, 547 N.E.2d 95 (1989) the court relied exclusively on *Studley* in dismissing quasi contract claims against parties that were not signatories to a written contract. As noted above, *Studley* held only that the existence of a contract dealing with the same subject prevents the finding of an inconsistent "implied in fact" contract. The *Feigen* court appears to have made the error of confusing contracts implied in fact with those implied in law. To the extent either *Feigen* or *Hartford Fire Ins. Co. v. Federated*

**3.** Although *Techreations, Inc. v. National Safety Council*, 1986 WL 15077 *1 (N.D.Ill. December 24, 1986), a case cited by defendants, did dismiss the plaintiff's quasi contract claims in the face of an "undisputed" express contract, the precedential value of that decision has been cast in doubt by three subsequent cases from the same district that came to opposite conclusions based on Rule 8(e)(2). *Quadion*, 738 F.Supp. at 279; *Skinner*, 723 F.Supp. at 56; *Braman*, 715 F.Supp. at 229.

Dept. Stores, Inc., 723 F.Supp. 976, 994 (S.D.N.Y.1989) may suggest that the mere existence of a written contract on the same subject will prevent a court from finding a quasi contract between a plaintiff and non-contracting parties, that premise is not supported either by the authorities cited in those cases or by the logic of the equitable doctrine of quantum meruit which is designed to prevent unjust enrichment where the absence of an enforceable contract otherwise prevents recovery from those parties. *See Farash*, 59 N.Y.2d at 504, 465 N.Y.S.2d at 919, 452 N.E.2d 1245. *See also Reprosystem, B.V. v. SCM Corp.*, 727 F.2d 257, 263 (2d Cir.) ("[u]nder New York law, a plaintiff seeking an equitable recovery based on unjust enrichment must first show that a benefit was conferred upon the defendant, and then show that *as between the two parties* enrichment of the defendant was unjust") (emphasis added), *cert. denied*, 469 U.S. 828, 105 S.Ct. 110, 83 L.Ed.2d 54 (1984); *Chadirjian*, 123 A.D.2d at 598, 506 N.Y.S.2d at 882 (relief in quasi contract is designed "to prevent one person who has obtained a benefit from another *without ever entering into a contract with that person* from unjustly enriching himself at the other person's expense") (emphasis added).

Plaintiff's complaint alleges that defendants have reaped the benefits of its executive search services under circumstances in which it would be unjust for plaintiff not to be fully compensated by defendants for the value of those services. In the event that there is no enforceable contract between plaintiff and defendants, plaintiff may be able to recover under its alternative theories of quantum meruit and/or unjust enrichment depending on the particular circumstances of the transaction. *See Dolmetta v. Uintah Nat'l Corp.*, 712 F.2d 15, 20 (2d Cir.1983) ("To recover on a theory of unjust enrichment a plaintiff must prove that the defendant was enriched, that such enrichment was at plaintiff's expense, and that the circumstances were such that in equity and good conscience the defendant should return the money or property to the plaintiff.").

Defendants' motion to dismiss plaintiff's second and third claims for relief is denied. Of course, in the event defendants are bound by the letter agreement itself, plaintiff will not be entitled to recover on its alternative theories. *See Adler & Shaykin v. Wachner*, 721 F.Supp. 472, 478 (S.D.N.Y. 1988) (dismissing quasi contract and unjust enrichment claims where "[a]greement defined fully the relationship between the parties"); *Chadirjian*, 123 A.D.2d at 598, 506 N.Y.S.2d at 882 (dismissing quasi contract claim based on unjust enrichment dismissed "where there is a valid express agreement between the parties which explicitly covers the same subject matter"). Recovery under the alternative theories will be barred also in the event defendants are bound by the letter agreement, but are not liable for damages by reason of any of their affirmative defenses. *See Adler v. Shaykin*, 721 F.Supp. at 480 (characterizing quasi contract and unjust enrichment theories as "an attempt to get through the back door a claim this Court will not allow through the front.").

SO ORDERED.