■ FGH CONTRACTING Co., INC., Appellant, v ELLI WEISS et al., Respondents, et al., Defendants.—In an action, *inter alia,* to foreclose a mortgage, the plaintiff appeals, as limited by its notice of appeal and brief, from so much of a judgment of the Supreme Court, Westchester County (Zeck, J.H.O.), dated January 25, 1990, as dismissed the foreclosure action on condition that, within four months after service upon their attorney of the judgment appealed from with notice of entry, the defendants pay the plaintiff $25,000, with interest at 8% per annum from November 1, 1986, to the date of payment.

Ordered that the judgment is reversed insofar as appealed from, on the law and as a matter of discretion, with costs, and the matter is remitted to the Supreme Court, Westchester County, for entry of a judgment of foreclosure and sale taking into account any sums paid pursuant to the judgment appealed from.

The plaintiff-appellant FGH Contracting Co., Inc. (hereinafter the contractor) and the defendants-respondents Elli Weiss and Carmella Weiss entered into a written contract whereby the contractor was to construct a house for the Weisses. The contract contained the following provision: "All construction extras to be ordered by Purchasers, in writing, and materials and labor paid for at time of such written request". Contrary to that provision, the Weisses and Hanan Golan, the contractor's principal, engaged in a course of conduct whereby the contractor made changes in accordance with Carmella Weiss's oral requests. Although the Weisses did not make total payment for the extras requested by Carmella, they made direct payments of over $19,000 to subcontractors and materialmen, during the course of construction. Additionally, during construction they made several payments to the contractor, totaling $105,000.

Before the closing, the contractor's attorney informed the Weisses' attorney that completion of the home was delayed "due to the numerous and extensive contract changes re-

quested by [the Weisses] exceeding some $50,000.00 in cost". Although the Weisses' attorney had previously requested an itemization of the extras, it was not provided until the day of closing. The list showed extras totalling $108,439.69.

At the closing, the Weisses paid the contractor approximately $155,000, so that at that point, the contractor had been paid the $288,000 purchase price. At that time, the Weisses also paid the contractor $10,000 towards the extras. At the closing, Golan directed his attorney to prepare a handwritten note for the Weisses, stating as follows:

"We promise, jointly and severally, to pay FGH Contracting Co., Inc., or order, on or before October 24, 1987, the sum of $98,000 (ninety eight thousand) dollars.

"On demand of FGH Contracting Co., Inc., Promisors shall execute and deliver to Promisee a mortgage on premises conveyed to Promissor's this date (Lot 23, Carol Lane, Town of Lewisboro) to secure payment of this note. Failure to execute and deliver such mortgage in recordable form within ten days following demand therefor shall permit Promisee to accelerate the due date of this note to a date to be fixed by Promisee.

"This note shall bear interest calculated at 8% per annum on the unpaid balance, interest to be paid at time of payments on account of principal, if any".

At the closing, the note was signed by Elli and Carmella Weiss, and witnessed by David C. Dempsey, the Weisses' attorney. Approximately one week after the closing, Golan presented the Weisses with a mortgage that he demanded they sign to secure the note. The Weisses' attorney advised them not to sign the document. Contrary to their attorney's advice, the Weisses executed the mortgage. Golan recorded it.

Shortly thereafter, the contractor requested that the Weisses execute an estoppel certificate so that it could sell the mortgage. The mortgage required the mortgagor "within 10 days upon request by mail", to furnish an estoppel certificate. The Weisses refused, and their attorney informed the contractor that "[t]here are too many questions still unresolved concerning the exaggerated amount of extras which were allegedly performed at the time their new home was constructed". Consequently, pursuant to the terms of the mortgage, the contractor held the Weisses in default, accelerated the payment of the note, and when no payment was forthcoming, commenced this action for, among other things, foreclosure of the mortgage and sale of the house.

The Supreme Court held that the Weisses should be relieved

from their default, finding that Golan's conduct was "oppressive and unconscionable" in that he took advantage of the "interpersonal" relationship between the parties to overcharge for some extras and to charge as extras for certain items required in contract specifications, that Golan refused to justify the cost of claimed extras, and that Golan did not account for the direct payments to subcontractors and materialman. We reverse. " '[A] mortgagor is bound by the terms of his contract as made and cannot be relieved from his default, if one exists, in the absence of * * * oppressive or unconscionable conduct on the latter's part' " (*Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 183; *Dimacopoulos v Consort Dev. Corp.,* 166 AD2d 631, 632; *see, Ferlazzo v Riley,* 278 NY 289, 292).

The record does not support the Supreme Court's determination that the conduct here was "oppressive and unconscionable." "As a general proposition, unconscionability * * * requires some showing of 'an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party' " (*Matter of State of New York v Avco Fin. Serv.,* 50 NY2d 383, 389, quoting from *Williams v Walker-Thomas Furniture Co.,* 350 F2d 445, 449).

That is not the case here. Notably, the Weisses were represented by an attorney at all relevant times involved in this proceeding. Moreover, although the Weisses testified that they signed the note because Golan threatened that he would not proceed with the closing unless they did, the Weisses' attorney, who witnessed the signing of the note, testified that, upon his inquiry, the Weisses indicated that they were satisfied that Golan would, at a later time, provide them with information concerning the extras. However, they did nothing to reserve any rights they may have had regarding any claims concerning the extras. With respect to the mortgage, the Weisses signed it after the closing occurred, and against the express advice of their attorney. We cannot conclude, therefore, that Golan engaged in oppressive and unconscionable conduct warranting that the Weisses be relieved from their default. Sullivan, J. P., Rosenblatt, Miller and Santucci, JJ., concur.