*(February 9, 1993)*

■ ANDREW PECK, Appellant, v CHASE MANHATTAN BANK, N.A., Respondent, et al., Defendants.—Judgment, Supreme Court, New York County (Francis N. Pecora, J.), entered April 2, 1992, which dismissed plaintiff's first cause of action based upon an order of the same court dated March 12, 1991, which granted the motion by defendant Chase Manhattan Bank,

N.A. pursuant to CPLR 3211 (a) (7) to dismiss plaintiff's first cause of action sounding in commercial bad faith on the ground of legal insufficiency, unanimously reversed, on the law, without costs, and defendant's motion is denied.

Plaintiff is one of many persons allegedly defrauded by Bruce Black, who along with two other individuals has been indicted by a Federal Grand Jury in the Eastern District of New York for 38 counts of fraud. Plaintiff alleges that as part of a scheme to defraud approximately five million dollars from himself and others, Black induced him to draw four checks—three in the amount of $100,000 each and one in the amount of $75,000—payable to entities other than Black. Chase is alleged to have knowingly permitted Black to forge the name of the payees on the three $100,000 checks, sign his own name with the designation "Trustee," and then deposit them into a personal account he maintained at a Chase branch. The $75,000 check was deposited into the account of the payee D.L. Cabot & Co., and it is alleged that Chase knowingly permitted Black to withdraw that money for his personal use. Chase allegedly facilitated this withdrawal by allowing Black to establish and maintain D.L. Cabot & Co. accounts without requiring proper account records and corporate resolutions. Chase is further alleged to have knowingly participated in Black's scheme to defraud.

In lieu of an answer to plaintiff's verified complaint, and before there had been any discovery in the action, Chase moved to dismiss plaintiff's first cause of action pursuant to CPLR 3211 (a) (7), failure to state a cause of action. Plaintiff submitted in opposition to the motion an affidavit of Allen N. Ross, one of the attorneys representing plaintiff, attesting that at a meeting attended by twelve attorneys representing persons similarly defrauded by Black, he learned that Black had in a matter of months misappropriated in excess of five million dollars and that a number of large checks had been wrongfully negotiated by Chase. Plaintiff also submitted an internal memorandum prepared by a second vice president at Chase's branch in Wantagh, Long Island, revealing that for over six months, encompassing the period during which two of plaintiff's checks were negotiated, Chase personnel were aware that Black regularly was depositing checks payable to others in his personal account and that Black's right to make those deposits was not questioned by Chase for many months.

A cause of action for commercial bad faith against a bank requires allegations of a scheme or acts of wrongdoing, together with allegations of the bank's actual knowledge of the

scheme or wrongdoing that amounts to bad faith or allegations of complicity by bank principals in alleged confederation with the wrongdoers *(Prudential-Bache Sec. v Citibank,* 73 NY2d 263, 275-277). Assuming the truth of the facts asserted in the complaint and the affidavit opposing dismissal *(supra,* at 275), we believe a cause of action for commercial bad faith was sufficiently stated to withstand a motion to dismiss pursuant to CPLR 3211 (a) (7). When Chase first learned of the fraud, its employees' actions with respect thereto and whether required currency transaction reports were filed by Chase, are matters that plaintiff cannot reasonably be expected to have knowledge of prior to full disclosure *(see,* CPLR 3211 [d]; 4 Weinstein-Korn-Miller, NY Civ Prac ¶ 3211.47). Accordingly, Chase's motion to dismiss should have been denied. Concur— Murphy, P. J., Carro, Rosenberger and Ellerin, JJ.