◼ CONNECTICUT NATIONAL BANK, Respondent, v PEACH

LAKE PLAZA et al., Appellants, et al., Defendants. [612 NYS2d 494] —White, J. Appeal (transferred to this Court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Hickman, J.), entered March 6, 1992 in Putnam County, which, *inter alia,* granted plaintiff's motion for summary judgment.

In return for a $175,000 loan, various defendants, who are joint venturers in a project known as defendant Peach Lake Plaza (hereinafter collectively referred to as defendants), gave plaintiff a one-year promissory note secured by a second mortgage. Upon defendants' failure to repay the loan, plaintiff commenced this action to foreclose the mortgage and, following the service of defendants' answer, moved for summary judgment. Supreme Court granted the motion, finding that defendants' defenses were precluded by the parol evidence rule. This appeal ensued.

The focus of this appeal is whether defendants have bona fide defenses to this action because the record discloses that plaintiff made a prima facie showing of entitlement to summary judgment *(see, Northeast Sav. v Rodriguez,* 159 AD2d 820, *appeal dismissed* 76 NY2d 889).

Defendants' principal defense is predicated upon the doctrine of equitable estoppel, which may be established by extrinsic evidence despite the existence of a written contract *(see, Hoffman v Brokers' Marketplace,* 105 AD2d 1082, 1083). To establish this defense defendants relied on the affidavit of defendant Jerome Terracino, who averred that the promissory note was supposed to be payable in two years rather than one year. Allegedly, when he raised this point at the closing, a bank officer told him not to be concerned because the note would be renewed at the end of the year under the same terms. Relying on this assurance defendants completed the transaction, purportedly to their detriment because the note was not renewed. This proof falls short of establishing an equitable estoppel defense because it is devoid of any facts explaining how defendants prejudicially changed their position in reliance upon plaintiff's assurances *(see, Nassau Trust Co. v Montrose Concrete Prods. Corp.,* 56 NY2d 175, 184; *Dimacopoulos v Consort Dev. Corp.,* 166 AD2d 631, 632; *Chadirjian v Kanian,* 123 AD2d 596).

Inasmuch as plaintiff was not contractually obligated to extend the loan for another year, the defense that it breached the implied duty of good faith and fair dealing lacks merit. The defense of unclean hands also lacks merit due to defen-

dants' failure to come forward with admissible evidence showing that plaintiff's conduct was immoral or unconscionable *(see, National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12, 15; *City of New York v Corwen,* 164 AD2d 212, 218).

We have not considered defendants' argument that plaintiff fraudulently induced them to enter into the mortgage transaction because they did not raise it before Supreme Court, nor did they include it as an affirmative defense in their answer *(see,* CPLR 3018 [b]; *Matter of Town of Minerva v Essex County Indus. Dev. Agency,* 173 AD2d 1054, 1055, *lv denied* 78 NY2d 857).

For these reasons, we affirm.

Cardona, P. J., Casey, Weiss and Peters, JJ., concur. Ordered that the order is affirmed, with costs.