(July 14, 2003)

■ A. KINGSBURY COMPANY, INC., Doing Business as MODERN MEDICAL SYSTEMS Co., Appellant, v GAAP SOFTWARE, INC., et al., Respondents. [762 NYS2d 280] —In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Hall, J.), entered August 19, 2002, as granted that branch of the defendants' motion which was, in effect, to compel contractual arbitration of its cause of action to recover damages for breach of contract.

Ordered that the order and judgment is affirmed insofar as appealed from, with costs.

Contrary to the appellant's contention, the Supreme Court properly granted that branch of the defendants' motion which was, in effect, to compel contractual arbitration of its cause of action to recover damages for breach of contract (*see Matter of Board of Educ. of Watertown City School Dist. [Watertown Educ. Assn.],* 93 NY2d 132 [1999]; *Maross Constr. v Central N.Y. Regional Transp. Auth.,* 66 NY2d 341 [1985]; *Matter of Waldron [Goddess],* 61 NY2d 181[1984]; *Matter of Silverman [Benmor Coats],* 61 NY2d 299 [1984]). The arbitration clause of the parties' contract is not unconscionable (*see Sablosky v Gordon Co.,* 73 NY2d 133, 138-139 [1989]; *FGH Contr. Co. v Weiss,* 185 AD2d 969, 971 [1992]; *Blake v Biscardi,* 62 AD2d 975 [1978]). Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.