■ PAUL TIBBY et al., Appellants, v RUTH M. FLETCHER et al., Defendants, and BEVERLY SHIELDS, as Administrator of the Estate of PEARL FLETCHER, Deceased, Respondent. (Action No. 1.) PAUL TIBBY et al., Appellants, v JOHN A. McSHANE et al., Respondents. (Action No. 2.) [788 NYS2d 430]—

Crew III, J. Appeal from an order of the Supreme Court (Hester, Jr., J.), entered April 2, 2004 in Delaware County,

which, inter alia, granted the motions of certain defendants in action Nos. 1 and 2 for summary judgment dismissing the complaints.

Pearl Fletcher (hereinafter decedent) owned approximately 120 acres of land in the Town of Andes, Delaware County. In 1992, upon her admission to a county-owned nursing home facility, decedent became a ward of the Delaware County Department of Social Services and granted a power of attorney to respondent Delaware County Commissioner of Social Services which was recorded in November 1992. Thereafter, in February 1993, decedent executed an assignment of proceeds of liquidation of her property in favor of the Department as consideration for the medical care and assistance she then was receiving. In the interim, decedent also granted a power of attorney to her grandson, Frederick Fletcher, which was recorded in August 1993.

Thereafter, defendants John A. McShane and Nancy J. McShane asserted title to a two-acre portion of decedent's property and commenced an action pursuant to RPAPL article 15 to quiet title thereto. To resolve this action, the Commissioner, still holding decedent's power of attorney, conveyed the two-acre parcel to the McShanes for $1,500 by a deed dated March 13, 1995 and recorded April 14, 1995.

Subsequent thereto, by deed dated April 21, 1995 and recorded April 24, 1995, Frederick Fletcher, also still holding a power of attorney for decedent, executed a deed that purported to convey decedent's property—including the two-acre parcel previously conveyed to the McShanes—to his mother, defendant Ruth M. Fletcher, for nominal consideration. In September 1996, plaintiffs contracted to purchase such property from Ruth Fletcher. After paying the back taxes and providing a down payment and promissory note, plaintiffs received a deed to the property in October 1996. Such deed was not recorded, however, until May 1997.

In the interim, in December 1996, the Commissioner commenced an action against Frederick Fletcher and Ruth Fletcher alleging, inter alia, that the conveyance from decedent to Ruth Fletcher was fraudulent within the meaning of Debtor and Creditor Law § 273. Supreme Court (Mugglin, J.) granted the Commissioner's subsequent motion for summary judgment and declared the underlying conveyance void. Plaintiffs thereafter commenced these actions pursuant to RPAPL article 15 to quiet title to the property. Following joinder of issue, discovery and various motions for summary judgment, Supreme Court found that plaintiffs were not bona fide purchasers for value and

dismissed plaintiffs' complaints. These appeals by plaintiffs ensued.

We affirm. "To cut off a prior lien, a purchaser 'must have no knowledge of the outstanding lien *and* win the race to the recording office' " (*Matter of Jenkins v Stephenson*, 293 AD2d 612, 614 [2002], quoting *Goldstein v Gold*, 106 AD2d 100, 101-102 [1984], *affd* 66 NY2d 624 [1985]). The intended purchaser is "presumed to have investigated the title, and to have examined every deed or instrument properly recorded, and to have known every fact disclosed or to which an inquiry suggested by the record would have led" (*Fairmont Funding v Stefansky*, 301 AD2d 562, 564 [2003]). "If the purchaser fails to use due diligence in examining the title, he or she is chargeable, as a matter of law, with notice of the facts which a proper inquiry would have disclosed" (*id.* at 564 [citations omitted]).

Here, the record reflects that plaintiffs did not commission a survey or appraisal of the property prior to purchase, nor did they speak with any of the neighboring property owners or undertake any detailed inspection of the parcel. And, most significantly, the record makes clear that plaintiffs did not conduct a title search prior to purchase. As plaintiff Phyllis Tibby acknowledged at her examination before trial, "we made no investigations at all prior to our purchase," instead relying upon a procedure that plaintiffs previously employed when purchasing real estate—"a handshake and . . . you trust that you got the right papers." Such facts, coupled with the language of the very deed they received for the property, which purported to convey, among other things, all right, title and interest in the two-acre parcel previously conveyed to the McShanes, were more than sufficient to find that plaintiffs failed to exercise due diligence in the conduct of this transaction. Had plaintiffs performed a title search prior to purchase, they would have discovered that which was revealed when the title search finally was performed—namely, the existence of the Department's lien against the property. Accordingly, Supreme Court properly concluded that plaintiffs were not bona fide purchasers for value. Plaintiffs' remaining contentions, including their assertion that Supreme Court should have disqualified the law firm representing, among others, the McShanes, have been examined and are found to be lacking in merit.

Mercure, J.P., Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, with costs.