McCarthy, J.
Appeal from an order of the Supreme Court (R. Sise, J.), entered March 30, 2012 in Saratoga County, which, among other things, denied plaintiffs motion for, among other things, summary judgment against certain defendants.
In May 2006, defendants Alexander Ronda and Nichole T. Ronda, a husband and wife then living in Florida, entered into a contract to purchase a home in Saratoga County. Apparently on a referral from their realtor, they received a call from third-party defendant Jason Zapotocki, an employee of third-party defendant Home Funding Finders, Inc. (hereinafter HFF), who subsequently assisted them in obtaining financing for the purchase of the home. Upon Zapotocki’s suggestion, Nichole Ronda asked her stepfather, defendant Henry E. Davis, to cosign the loan documents and had Davis execute a power of attorney appointing her as his agent. Nichole Ronda sent Davis’ financial information to Zapotocki to enable him to prepare a Uniform Residential Loan Application (hereinafter URLA). According to *1111 Nichole Ronda, the financial information she supplied was accurate, but the information reported on the URLA was false. Based on the type of loan, no verification of this information was needed.
Nevertheless, in June 2006, Nichole Ronda executed, as Davis’ power of attorney, a URLA that named Davis as the sole borrower. She similarly executed a promissory note and mortgage, in Davis’ name alone, as his power of attorney. In August 2006, Davis conveyed the property by warranty deed to the Rondas. In 2009, based on the lack of mortgage payments since June 2008, plaintiff commenced this foreclosure action against, among others, Nichole Ronda, Alexander Ronda and Davis (hereinafter collectively referred to as defendants).
Defendants answered, asserting affirmative defenses and counterclaims. Plaintiff moved for, among other things, summary judgment against defendants and a default judgment against defendant Chase Bank USA, NA, and to amend the caption to remove defendants John Doe No.l through John Doe No. 10. Defendants cross-moved to, among other things, strike plaintiffs motion. They also commenced a third-party action against HFF and Zapotocki. Supreme Court, among other things, denied plaintiffs motion in its entirety. Plaintiff appeals.
Supreme Court erred in denying plaintiffs motion for summary judgment against defendants. Plaintiff, as mortgagee, established its entitlement to summary judgment in this foreclosure action by submitting the mortgage and unpaid note, along with evidence of default in payments,[1] which then shifted the burden to defendants to demonstrate by competent and admissible proof that a defense existed so as to raise a question of fact (see Charter One Bank, FSB v Leone, 45 AD3d 958, 958-959 [2007]; HSBC Bank USA v Merrill, 37 AD3d 899, 900 [2007], lv dismissed 8 NY3d 967 [2007]; LaSalle Bank N.A. v Kosarovich, 31 AD3d 904, 905 [2006]). Davis was the only mortgagor and the only person named in the note, so he is the only person from whom plaintiff is seeking to collect any money owed on the note. The Rondas, while not liable for the loan under the note, are still proper parties to this foreclosure action — they are subject to the mortgage lien and may have their rights in the property cut off due to a default on the mortgage— because they are the titled owners of the property and took title with both record and actual notice of the mortgage (see Real *1112 Property Law § 291; Tibby v Fletcher, 13 AD3d 877, 879 [2004]; Matter of Jenkins v Stephenson, 293 AD2d 612, 614 [2002]).[2]
Even viewing the evidence in a light most favorable to defendants (see Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012]), none of their asserted defenses raises a triable issue of fact. As to the defense of unconscionability, the terms of the note and mortgage are not so unreasonably favorable to plaintiff that “no reasonable and competent person would accept” them, or “so inequitable as to shock the conscience” (Rodriguez v Rodriguez, 11 AD3d 768, 769 [2004]; see LaSalle Bank N.A. v Kosarovich, 31 AD3d at 906). Defendants also contend that the application process and formation of the note and mortgage were “rife with confusion, misinformation and blatant lies,” implying that this resulted in “an absence of meaningful choice” (Matter of State of New York v Avco Fin. Serv. of N.Y., 50 NY2d 383, 389 [1980] [internal quotation marks and citation omitted]). The asserted confusion and lies, however, flowed from HFF and Zapotocki, not plaintiff. We reject defendants’ conclusory allegations that Zapotocki was acting as plaintiffs agent, as that assertion is entirely unsupported by the record (see Home Sav. Bank v Schorr Bros. Dev. Corp., 213 AD2d 512, 513 [1995]; LaGreco v Pafundi, 181 AD2d 660, 661 [1992]).[3] Thus, defendants have not shown any question of fact on their unconscionability defense.
Defendants have no valid defense of equitable estoppel as they failed to present any evidence that they “prejudicially changed their position in reliance upon” an assurance by plaintiff (Connecticut Natl. Bank v Peach Lake Plaza, 204 AD2d 909, 910 [1994]). Assuming, without deciding, that the defense of unclean hands is applicable to a mortgage foreclosure action (compare Jo Ann Homes at Bellmore v Dworetz, 25 NY2d 112, 122 [1969], with Bank of Smithtown v 264 W. 124 LLC, 105 AD3d 468, 469 [2013], Golden Eagle Capital Corp. v Paramount Mgt. Corp., 88 AD3d 646, 648 [2011], Connecticut Natl. Bank v Peach Lake Plaza, 204 AD2d at 910-911, Blueberry Invs. Co. v Ilana Realty, 184 AD2d 906, 907-908 [1992]), defendants failed to present evidence of “immoral or unconscionable” conduct by plaintiff, or that any such conduct was directly related to or caused the default in payments, to support such a defense (Connecticut Natl. Bank v Peach Lake Plaza, 204 AD2d at 910-911; *1113 see Bank of Smithtown v 264 W. 124 LLC, 105 AD3d at 469; Blueberry Invs. Co. v Ilana Realty, 184 AD2d at 907). We again note that we reject defendants’ unsupported assertions that Zapotocki was plaintiffs agent or that his acts can be attributed to plaintiff.
The fraud defense and counterclaim also fail because they are based on alleged misstatements or actions by Zapotocki, not plaintiff, and the record is devoid of any evidence that would tend to establish that plaintiff was aware of or assisted Zapotocki in any alleged wrongdoing (see Gjonaj v Sines, 69 AD3d 1188, 1190 [2010]; see also Pidwell v Duvall, 28 AD3d 829, 832 [2006]; compare Goldson v Walker, 65 AD3d 1084, 1085 [2009]). The counterclaim alleging commercial bad faith must be dismissed for a similar reason, as the record lacks proof that plaintiff itself acted dishonestly or became a participant in a fraudulent scheme (see LPP Mtge., Ltd. v Card Corp., 17 AD3d 103, 104 [2005], lv denied 6 NY3d 702 [2005]; see also Prudential-Bache Sec. v Citibank, 73 NY2d 263, 275-276 [1989]; Peck v Chase Manhattan Bank, 190 AD2d 547, 548-549 [1993]). Defendants’ remaining defenses and counterclaim are not viable under the circumstances here.
Plaintiff seeks to sever or dismiss the third-party action (see CPLR 1010). Although this issue is raised for the first time on appeal, the third-party action was not commenced until after plaintiff’s motion was submitted. Accordingly, we deny the request without prejudice to plaintiff making such a motion before Supreme Court.
Although Chase Bank did not submit an answer, plaintiff is not entitled to a default judgment. Instead, we dismiss the complaint against Chase Bank as abandoned because plaintiff did not seek a default judgment against that defendant within one year after the default or show sufficient cause for the delay (see CPLR 3215 [c]; Van Hoesen v Dolen, 94 AD3d 1264, 1267-1268 [2012], lv denied 19 NY3d 809 [2012]). As plaintiff demonstrated that it had not discovered any unknown parties who had an interest in the subject property, Supreme Court should have granted the portion of plaintiffs motion that sought to amend the caption to delete the John Doe defendants (see CPLR 1024; Flagstar Bank v Bellafiore, 94 AD3d 1044, 1046 [2012]; US Bank, N.A. v Boyce, 93 AD3d 782, 783 [2012]).
Stein, J.P, Spain and Garry, JJ., concur. Ordered that the order is modified, on the law, with costs to plaintiff, by reversing so much thereof as denied plaintiffs motion (1) for summary judgment against defendants Nichole T. Ronda, Alexander Ronda and Henry E. Davis and (2) to amend the caption to *1114 delete the John Doe defendants; motion granted to that extent and complaint dismissed as abandoned against defendant Chase Bank USA, NA; and, as so modified, affirmed.

. Along with an affidavit from one of plaintiffs officers averring that no mortgage payments were received after June 2008 and that defendants were notified of the default, plaintiff submitted defendants’ answer in which they admitted that they did not make any payments after that date.

. The Rondas had record notice because the mortgage was recorded prior to their deed from Davis. Nichole Ronda had actual notice because she signed the mortgage as power of attorney for Davis.

. At oral argument, defendants’ counsel acknowledged that there was nothing in the record to show that Zapotocki was an agent for plaintiff.