■ Roy Jeffcoat et al., Appellants, v Jorge L. Andrade et al., Respondents. [613 NYS2d 379] —Order, Supreme Court, New York County (Alice Schlesinger, J.), entered on or about March 31, 1992, which denied plaintiffs' motion to strike the answer of defendant Miss Jamie, Inc. ("MJI") and order of said court and Justice, entered March 31, 1993, which granted the motion by defendant MJI for summary judgment pursuant to CPLR 3212 dismissing the plaintiffs' complaint as against defendant MJI and which denied the plaintiffs' cross-motion for preclusion pursuant to CPLR 3126, unanimously affirmed, without costs.

The IAS Court properly denied plaintiffs' motion to strike defendant MJI's answer as such penalty is extreme and there was no evidence that MJI's failure to produce a witness was willful or contumacious *(Stathoudakes v Kelmar Contr. Corp.,* 147 AD2d 690, 691).

The IAS Court also properly granted summary judgment dismissing the plaintiffs' complaint against MJI in the underlying personal injury action and properly denied plaintiffs' cross-motion pursuant to CPLR 3126 seeking to preclude defendant MJI from denying that defendant Andrade had acted within the scope of his employment with MJI at the time of the accident.

The record reveals that moving defendant MJI established entitlement to judgment in its favor, as a matter of law, by tendering sufficient evidence, including the deposition testimony of defendant Andrade, to eliminate any material issue of fact from the case. The plaintiffs failed to produce evidentiary proof in admissible form with respect to whether defendant Andrade was acting within the scope of his employment when the accident occurred sufficient to establish the existence of material issues of fact requiring a trial, and the admissible deposition testimony of defendant Andrade therefore unequivocally established that he was not acting within the scope of his employment at the time of the accident. *(Olan v Farrell Lines,* 64 NY2d 1092.)

The fact that MJI's supporting proof was placed before the

court by way of an attorney's affidavit annexing the deposition testimony of defendant Andrade, rather than affidavits of fact on personal knowledge, does not defeat the defendant's right to summary judgment *(supra)*.

Nor is a triable issue of fact precluding summary judgment raised by the mere speculation by plaintiffs' counsel in opposition to summary judgment that there might be evidence that would establish that defendant Andrade was acting within the scope of his employment at the time of the accident since it is well settled that a shadowy semblance of an issue or bold conclusory assertions, even if believable, are not enough to defeat a motion for summary judgment *(Capelin Assocs. v Globe Mfg. Corp.,* 34 NY2d 338, 341). Concur—Rosenberger, J. P., Ellerin, Kupferman, Nardelli and Tom, JJ.