■ HYPO HOLDINGS, INC., Respondent, v PRASAD CHALASANI et al., Appellants, et al., Defendants. [721 NYS2d 35] —Order, Supreme Court, New York County (Marylin Diamond, J.), entered October 6, 1999, which granted plaintiff's motion for summary judgment directing (a) appointment of a Referee to compute the amounts due to plaintiff and report whether the mortgaged premises can be sold in one parcel, (b) appointment of a receiver to collect rental payments, including overdue rental payments, directly from the tenants and enter on and manage the property, and (c) an award of attorneys' fees and disbursements and costs, and denied defendant's cross motion for summary judgment as moot; and order, same court and Justice, entered November 5, 1999, which, *inter alia*, (a) appointed a Referee and receiver, and (b) granted plaintiff attorneys' fees, disbursements and costs, unanimously affirmed, with costs. Pursuant to 22 NYCRR 130-1.1 *et seq.*, sanctions in

the amount of $5,000, payable to the Lawyers' Fund for Client Protection, are imposed against defendant Prasad Chalasani. The Clerk of the Supreme Court, New York County is directed to enter judgment accordingly.

Plaintiff established its entitlement to summary judgment by production of the note and mortgage and the uncontested proof of default (*see, RCR Servs. v Herbil Holding Co.*, 229 AD2d 379; *Chemical Bank v Broadway 55-56th St. Assocs.*, 220 AD2d 308). Defendants' arguments with regard to the alleged material alterations of one of the assignments in the line of assignments of the note and mortgage to plaintiff is without merit. The assignment documents are not "negotiable instruments" within the meaning of the UCC (*see,* UCC 3-104), and so they do not fall within the line of authority cited by defendants. Furthermore, even if the assignment documents were negotiable instruments, "fraud in the transfer of an instrument is not available as a defense against a holder in due course" and "even though the holder is not a holder in due course, a third person's claim of rightful ownership of the instrument * * * is not a defense to an obligor on the instrument unless the claimant himself defends the action" (81 NY Jur 2d, Negotiable Instruments and Other Commercial Paper, § 644). Defendants' speculation and conclusory allegations questioning the intent of the parties to the assignment are insufficient to defeat plaintiff's right to summary judgment (*see, Jeffcoat v Andrade*, 205 AD2d 374, 375).

Defendants' arguments regarding purported irregularities with the acknowledgments associated with the assignments, the admissibility of plaintiff's evidence on its summary judgment motion, alleged improper notice of acceleration of the note, Statute of Limitations and constitutional claims are not only unpreserved but are rife with speculation and innuendo seeking merely to obscure the real issue in the case—i.e., defendants' long-time failure to pay on the note securing the first mortgage. Additionally, defendants' complaints with regard to the receiver's collection of rent occurred after the orders appealed from and are not properly before this Court. In light of the foregoing, it is clear that the prosecution of this appeal has constituted frivolous conduct within the meaning of 22 NYCRR 130-1.1, and we impose sanctions to the extent indicated. Concur—Rosenberger, J. P., Nardelli, Andrias, Ellerin and Saxe, JJ.