■ BARCOV HOLDING CORPORATION, Respondent, v BEXIN REALTY CORPORATION, Appellant, et al., Defendants. [792 NYS2d 408]—

Judgment, Supreme Court, New York County (Nicholas Figueroa, J.), entered on or about July 12, 2004, summarily granting foreclosure, awarding plaintiff the principal sum of $148,367.69, directing sale of the mortgaged premises and severing the issue of attorney's fees for trial, unanimously affirmed, with costs.

Plaintiff established prima facie entitlement to summary fore-closure by submitting proof of both ownership of the mortgage and default thereon by defendant Bexin, the mortgagor (*see Greater N.Y. Sav. Bank v 2120 Realty*, 202 AD2d 248 [1994]). It was then incumbent upon Bexin to come forward with compe-tent evidence of any defenses to raise issues of fact. The three-paragraph affirmation by an attorney who had no personal knowledge of the facts, with no evidence annexed, was clearly insufficient to raise an issue of fact, thus justifying summary judgment and the striking of Bexin's affirmative defenses. When it came time to offer proof before the referee, the doctrine of law of the case barred Bexin from rearguing the affirmative defense of payment. The authority of the referee was limited to the computation of monies owed to plaintiff; he had no power to go beyond that and determine whether the mortgage had been paid, much less overturn the motion court's order striking Bexin's affirmative defense of payment.

Aside from Bexin's failure to carry its burden of proof in op-posing plaintiff's motion for summary foreclosure, the defenses of payment and statute of limitations had already been litigated and decided adversely in prior proceedings (*see Bexin Realty Corp. v 348 Lucky Corp.*, 290 AD2d 355 [2002]). Since the identi-cal issues—to wit, whether Bexin established that it had paid the subject mortgage or whether the foreclosure action was barred by the statute of limitations—were involved in the prior proceedings, where proof submitted was identical to that Bexin now seeks to introduce, and since Bexin had a full and fair op-portunity to litigate the issues of payment and the statute of limitations in the prior proceedings, Bexin is barred by the doc-trine of collateral estoppel from relitigating those issues herein (*see Ryan v New York Tel. Co.*, 62 NY2d 494, 500 [1984]).

We have considered Bexin's remaining arguments and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Ellerin and Nardelli, JJ.