■ LPP Mortgage, Ltd., Formerly Known as Loan Participant Partners Ltd., Respondent, v The Card Corp., Appellant. [793 NYS2d 346]—

Order, Supreme Court, Bronx County (Betty Owen Stinson, J.), entered April 26, 2004, which granted plaintiff's motion for summary judgment of foreclosure and denied defendant's cross motion for, inter alia, summary judgment dismissing the complaint, and order, same court and Justice, entered April 21, 2004, which denied as moot defendant's motion for leave to file a late jury demand, unanimously affirmed, without costs.

Plaintiff presented a prima facie right to foreclosure by producing the mortgage documents and undisputed evidence of defendant's nonpayment (*see Hypo Holdings v Chalasani*, 280 AD2d 386 [2001], *lv denied* 96 NY2d 717 [2001]). In opposition, defendant failed to establish the existence of a triable issue of fact. Although defendant challenges the authority of its agent to apply for a disaster loan from the Small Business Administration (SBA), there is clear evidence that defendant's majority shareholders afforded this individual substantial management control over the corporation and were aware of his action in applying for the loan.

The person applying for the SBA loan may indeed have made misrepresentations of which defendant's majority shareholders were unaware and did not approve, but his fraudulent statements and the SBA's purported negligence in failing to investigate his application do not offer viable defenses to plaintiff's right to foreclosure. In that regard, New York law does not recognize a cause of action against banks for commercial bad faith unless the institution has itself acted dishonestly by becoming a participant in a fraudulent scheme (*see Prudential-Bache Sec. v Citibank*, 73 NY2d 263, 275-277 [1989]). That the lender was, in this instance, the SBA rather than a bank does not negate the fact that defendant's majority shareholders had invested this individual with operational control of the corporation.

Although it is unfortunate that this individual may have betrayed the trust placed in him, the majority shareholders, because of their ability to exercise control over him, were in a better position than the SBA to prevent the perpetration of fraud (*see Getty Petroleum Corp. v American Express Travel Related Servs. Co.*, 90 NY2d 322, 331 [1997]; *Parlato v Equitable Life Assur. Socy. of U.S.*, 299 AD2d 108, 113 [2002], *lv denied* 99 NY2d 508 [2003]). The SBA's lack of vigilance is thus insufficient to preclude summary judgment in plaintiff's favor, rendering defendant's right to a jury trial moot.

We have considered defendant's remaining arguments and

find them unavailing. Concur—Buckley, P.J., Tom, Andrias, Friedman and Sullivan, JJ.