■ HOUSEHOLD FINANCE REALTY CORPORATION OF NEW YORK, Respondent, v FRANSHONE WINN et al., Appellants, et al., Defendants. [796 NYS2d 533]—

In an action to foreclose a mortgage, the defendants Franshone Winn and Vera Winn appeal (1) from a decision of the Supreme Court, Suffolk County (Catterson, J.), dated June 29, 2004, (2) from an ex parte order of the same court dated July 27, 2004, and (3), as limited by their brief, from so much of an order of the same court also dated July 27, 2004, as, upon the decision, granted that branch of the plaintiff's motion which was for summary judgment.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the appeal from the first order dated July 27, 2004, is dismissed, as no appeal lies from an order issued ex parte (*see CPLR 5701; Rebeil Consulting Corp. v Kappa Realty Corp.*, 244 AD2d 540 [1997]); and it is further,

Ordered that the second order dated July 27, 2004, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established its prima facie entitlement to judgment as a matter of law by submitting the relevant mortgages, the underlying note, and evidence of a default (*see LPP Mtge., Ltd. v Card Corp.*, 17 AD3d 103 [2005]; *Fleet Natl. Bank v Olasov*, 16 AD3d 374 [2005]; *Coppa v Fabozzi*, 5 AD3d 718 [2004]; *Republic Natl. Bank of N.Y. v O'Kane*, 308 AD2d 482 [2003]). The burden then shifted to the appellants to raise a triable issue of fact regarding their defenses (*see Barcov Holding Corp. v Bexin Realty Corp.*, 16 AD3d 282 [2005]; *EMC Mtge. Corp. v Riverdale Assoc.*, 291 AD2d 370 [2002]). They failed to do so. Accordingly, the Supreme Court correctly granted that branch of the plaintiff's motion which was for summary judgment. H. Miller, J.P., Ritter, Goldstein and Spolzino, JJ., concur.