*401 OPINION OF THE COURT
Martin Schneier, J.
The issue presented in this residential foreclosure action is whether a mortgage loan made by a private individual must conform with the provisions of New York’s predatory lending statute (Banking Law § 6-1). This is an issue of first impression.
In this foreclosure action, plaintiff mortgagee, Howard A. Balsam, moves for foreclosure and sale. Defendant mortgagor, Patrick Fioriglio, cross-moves to vacate this court’s prior orders of March 20, 2009 and September 9, 2009, “which granted summary judgment to the plaintiff” and appointed Stephen Richard Markman, Esq. “as Referee to ascertain and compute the amount due to the Plaintiff herein for principal and interest.”
Background
On November 15, 2006, defendants, Patrick Fioriglio and Zenda Fioriglio (the Fioriglios), borrowed the principal sum of $60,000 at an interest rate of 13% from plaintiff and secured this obligation with a mortgage on their residential one-family dwelling at 3801 Oceanview Avenue, Brooklyn, New York. It is undisputed that the Fioriglios made their timely monthly mortgage payments of principal and interest from December 1, 2006 to September 1, 2007 and, in October 2007, ceased making the mortgage payments and are currently in continuing default.
This is the only mortgage loan that plaintiff has ever made.
Discussion
In order for a loan to be subject to the predatory lending statute (Banking Law § 6-1), it must exceed one or more of the thresholds defined in subdivision (1) (g). Defendants argue that the loan exceeds the threshold contained in subdivision (1) (g) (ii), which provides that the threshold is met when:
“[t]he total points and fees exceed: five percent of the total loan amount if the total loan amount is fifty thousand dollars or more; or six percent of the total loan amount if the total loan amount is fifty thousand dollars or more and the loan is a purchase money loan guaranteed by the federal housing administration or the veterans administration; or the greater of six percent of the total loan amount or fifteen hundred dollars, if the total loan amount is less than fifty thousand dollars; provided, the following discount points shall be excluded from the *402 calculation of the total points and fees payable by the borrower:
“(1) Up to and including two bona fide loan discount points payable by the borrower in connection with the loan transaction, but only if the interest rate from which the loan’s interest rate will be discounted does not exceed by more than one percentage point the yield on United States treasury securities having comparable periods of maturity to the loan maturity measured as of the fifteenth day of the month immediately preceding the month in which the application is received;
“(2) Any and all bona fide loan discount points funded directly or indirectly through a grant from a federal, state or local government agency or 501(c)(3) organization.”
The amount of the loan in this case is $60,000. The total fees are $7,817.72, which exceeds 5% (or $3,000) of the total loan amount. Accordingly, this loan is a high-cost home loan within the meaning of Banking Law § 6-Z.
Plaintiff does not dispute that the loan exceeds the subdivision (1) (g) (ii) threshold. Plaintiff does assert that he is not a “lender” within the meaning of the statute. Subdivision (1) (i) states: “ ‘Lender’ means a mortgage banker as defined in paragraph (f) of subdivision one of section five hundred ninety of this chapter or an exempt organization as defined in paragraph (e) of subdivision one of section five hundred ninety of this chapter.”
Plaintiff has established that he is not a lender within the meaning of the statute. This does not, however, end the inquiry. Subdivision (2) of the predatory lending statute contains limitations and prohibited practices for high-cost home loans. Some of the ensuing paragraphs prohibit conduct by “lenders,” while other paragraphs prohibit mortgage terms regardless of who the lender/mortgagee is.
Defendants allege that the loan violates subdivision (2) (b), (k), (Z) (i), (ii); (m) and (p) and subdivision (2-a) (a). Subdivision (2) (k), (Z) (i), (ii); (m) and (p) all prohibit conduct by “lenders.” Because the plaintiff is not a lender, these paragraphs are inapplicable.
Plaintiff asserts that none of the paragraphs of the predatory lending statute are applicable to him because he is not a “lender” and the statute was “enacted specifically for banking *403 institutions and/or mortgage bankers or brokers.” Plaintiff, however, offers no support for this proposition. On the other hand, the Banking Law is, in general, “applicable to all corporations, partnerships and individuals . . . and to such other corporations, unincorporated associations, partnerships and individuals as shall subject themselves to special provisions thereof, or who shall, by violating any of its provisions, become subject to the penalties provided therein” (Banking Law § 1). Thus, the language of the statute is unequivocal and the court cannot apply rules of construction in order to narrow its application (Insurance Co. of N. Am. v ABB Power Generation, 91 NY2d 180, 186 [1997]; Bender v Jamaica Hosp., 40 NY2d 560, 562 [1976]).
Accordingly, subdivisions (2) (b) and (2-a) (a) are applicable to this mortgage. Subdivision (2) (b) states:
“No balloon payments. No high-cost home loan may contain a scheduled payment that is more than twice as large as the average of earlier scheduled payments, unless such balloon payment becomes due and payable at least fifteen years after the loan’s origination. This provision does not apply when the payment schedule is adjusted to the seasonal or irregular income of the borrower.”
The mortgage in this case contains a balloon payment and is, therefore, in violation of Banking Law § 6-Z (2) (b).
Subdivision (2-a) (a) states: “High-cost home loan mortgages shall include a legend on top of the mortgage in twelve-point type stating that the mortgage is a high-cost home loan subject to this section.”
The mortgage in this case does not contain the required legend on top and is, therefore, in violation of subdivision (2-a) (a).
Section 1302 (2) of the Real Property Actions and Proceedings Law states:
“It shall be a defense to an action to foreclose a mortgage for a high-cost home loan or subprime home loan that the terms of the home loan or the actions of the lender violate any provision of section six-1 or six-m of the banking law or section thirteen hundred four of this article.”
The documentary evidence in this case establishes prima facie violations of Banking Law § 6-Z (2) (b) and (2-a) (a). Accordingly, defendants may have a meritorious defense pursuant to RPAPL 1302.
*404 Conclusion
Based on the foregoing, the motion for a judgment of foreclosure and sale is denied. The cross motion is granted to the extent that the orders of this court dated March 20, 2009 and September 9, 2009 are vacated.