■ In the Matter of STANLEY MOORE, Appellant, v ANDREA W. EVANS, Respondent. [944 NYS2d 92]—

Order and judgment (one paper), Supreme Court, New York County (Carol R. Edmead, J.), entered August 2, 2010, which, to the extent appealed from, denied the petition seeking, among other things, to annul respondent's implied denial of petitioner's September 14, 2009 request to correct the consequential effects of a September 1983 parole revocation decision, and dismissed this proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.

Petitioner's challenge is time-barred because it was not brought within four months of receiving notice in 1983 of the Parole Board's determination to revoke his parole (CPLR 217 [1]; *Matter of Carter v State of N.Y., Exec. Dept., Div. of Parole*, 95 NY2d 267, 270-272 [2000]). Even if, as petitioner asserts, the Division of Parole had a continuous ministerial duty to expunge his 1983 parole revocation, this proceeding would still be untimely as it was not brought within four months of the Division of Parole's letter dated November 21, 2008 denying petitioner's request to vacate the 1983 parole revocation determination (CPLR 217 [1]; *Matter of Bottom v Goord*, 96 NY2d 870, 872 [2001]).

This proceeding is also barred by the doctrines of res judicata and collateral estoppel, as petitioner has challenged the 1983 parole revocation in prior proceedings, including a CPLR article

78 proceeding in 2003 at which the statute of limitations issue was fully litigated and decided against petitioner (*see Gramatan Home Invs. Corp. v Lopez*, 46 NY2d 481, 485 [1979]; *Matter of LaSonde v Seabrook*, 89 AD3d 132, 140 [2011], *lv denied* 18 NY3d 911 [2012]; *Barcov Holding Corp. v Bexin Realty Corp.*, 16 AD3d 282 [2005]).

In any event, petitioner's due process claim lacks merit. Petitioner was given notice of the charges against him at the time of the parole violation proceeding; therefore, he had an opportunity to be heard and to show, if possible, that he did not violate the parole condition or that mitigating circumstances suggested that the violation did not warrant revocation (*see generally Morrissey v Brewer*, 408 US 471, 488 [1972]). Concur—Friedman, J.P., Sweeny, DeGrasse, Abdus-Salaam and Román, JJ. **[Prior Case History: 27 Misc 3d 1230(A), 2010 NY Slip Op 50977(U).]**