■ BANK OF SMITHTOWN, Appellant, v 264 WEST 124 LLC et al., Respondents. [963 NYS2d 176]—

Order, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about November 4, 2011, which denied plaintiff's motion for summary judgment as against defendants 264 West 124 LLC and Shlomo Levi, unanimously reversed, on the law, with costs, the motion granted, the counterclaims dismissed, the matter remanded for further proceeding, and People's United Bank substituted as plaintiff in the action.

Plaintiff demonstrated an entitlement to summary judgment by producing the note and mortgage and the uncontested proof of default, as well as the personal guaranty signed by defendant Levi as additional collateral for the mortgage (*see Hypo Holdings v Chalasani*, 280 AD2d 386 [1st Dept 2001], *lv denied* 96 NY2d 717 [2001]).

Defendants failed to raise a triable issue of fact as to any defense to foreclosure (*see Marine Midland Bank v Fillippo*, 276 AD2d 601 [2d Dept 2000]). The uncorroborated affidavit from defendant Levi that plaintiff had orally agreed to modify the terms of the loan and that it should be estopped was insufficient because the note and mortgage prohibited oral modifications to the loan, and thus, even accepting the truth of Levi's allegations, any oral agreement was fundamentally ineffectual in modifying the loan (*see CrossLand Sav. v Loguidice-Chatwal Real Estate Inv. Co.*, 171 AD2d 457 [1st Dept 1991]).

Nor did defendants establish that the principles of equitable estoppel or partial performance apply because they did not materially alter their position based on any alleged oral modification, and their payment of common charge arrears was not unequivocally referable to the oral modification nor incompatible with the written agreement (*see Rose v Spa Realty Assoc.*, 42 NY2d 338, 343-345 [1977]). Payment of the common charge arrears was "reasonably explained" by their legal obligation to make those payments (*Anostario v Vicinanzo*, 59 NY2d 662, 664 [1983]).

Nor does the claim of unclean hands require denial of summary judgment. Even accepting the truth of Levi's allegations, plaintiff was under no obligation to modify the loan or to comply with any oral agreement, and there is nothing immoral or unconscionable about its decision to proceed with foreclosure.

Defendants' reliance on the prenegotiation letter is unavailing. The letter did not require plaintiff to modify the loan and reserved all of plaintiff's rights. The letter also authorized plaintiff to terminate participation in negotiations at any time, for any reason or no reason.

Following the commencement of this action, People's United Bank merged with Bank of Smithtown and is now the owner of

the subject note. Thus, we substitute it as plaintiff. Concur—Mazzarelli, J.P., Acosta, Renwick, Richter and Gische, JJ.