Appeal from order, Supreme Court, New York County (Debra A. James, J.), entered December 4, 2012, which, upon renewal of defendant’s motion for partial summary judgment and to set aside a liability verdict, granted defendant’s motion, finding that defendant was entitled to governmental immunity from plaintiffs’ claims, dismissed the complaint, and denied plaintiffs’ cross motion for renewal, deemed an appeal from judgment, entered February 26, 2013, dismissing the action, and so considered, said judgment unanimously affirmed, with costs.
Plaintiffs had a full and fair opportunity to litigate the liability issue through a Steering Committee appointed by the trial court to represent the interests of the numerous plaintiffs and their actions, including the Cantor plaintiffs, on the liability aspect of the bifurcated trials. Indeed, Cantor’s counsel was appointed a member of the Steering Committee. The issue of defendant’s liability in connection with the 1993 World Trade Center bombings, and whether the defendant had a viable governmental immunity defense (see generally McKinney’s Uncons Laws of NY §§ 7101, 7106 [L 1950, ch 301, §§ 1, 6]; NJ Stat Ann §§ 32:1-157, 32:1-162), was fully litigated (see Matter of World Trade Ctr. Bombing Litig., 3 Misc 3d 440, 442 [Sup Ct, NY County 2004], affd 13 AD3d 66 [1st Dept 2004], revd 17 NY3d 428 [2011], cert denied sub nom. Ruiz v Port Auth. of N.Y. & N.J., 568 US —, 133 S Ct 133 [2012]) and the doctrine of collateral estoppel applies to preclude further argument on the issue (see generally Gramatan Home Invs. Corp. v Lopez, 46 NY2d 481, 485 [1979]; Matter of Moore v Evans, 95 AD3d 579 [1st Dept 2012]). Moreover, the Court of Appeals’ reversal of the interlocutory judgment of liability (see 17 NY3d 428 [2011]) warranted dismissal of the instant action (see generally Nash v Port Auth. of N.Y. & N.J., 102 AD3d 420 [1st Dept 2013]; McMahon v City of New York, 105 AD2d 101 [1st Dept 1984]). Plaintiffs’ argument that the governmental immunity issue presented a federal law issue in light of the bi-state compact which gives *511 rise to the Port Authority’s existence was considered by the Court of Appeals on a motion to reargue (see 18 NY3d 898 [2012]), and reargument was denied. Concur — Acosta, J.P., Saxe, Renwick, Richter and Clark, JJ.