OPINION OF THE COURT
Arthur M. Schack, J.
In this foreclosure action for the premises located at 3801 Oceanview Avenue, Brooklyn, New York (block 6955, lot 29, County of Kings), plaintiff Howard A. Balsam (Balsam), a member of the New York State bar, seeks a judgment of foreclosure and sale against pro se defendants Patrick Fioriglio (Patrick) and Zenda Fioriglio (Zenda). The court conducted a bench trial on December 18, 2012 and reserved decision. Both sides were given an opportunity to submit proposed findings of fact and conclusions of law to the court and they did so. After a review of the trial transcript, the evidence presented at trial and the proposed findings of fact and conclusions of law, the court makes the following findings of fact and conclusions of law.
Findings of Fact
Plaintiff Balsam commenced the instant action by filing a summons, a complaint and a notice of pendency on June 18, 2008, to foreclose on a second mortgage for the premises, dated November 15, 2006. Pursuant to the terms of the November 15, 2006 note (exhibit 1), defendants Patrick and Zenda borrowed $60,000 from plaintiff Balsam, at the rate of 13.00% per annum, with the first payment on December 1, 2006, and “thereafter in equal monthly ‘interest only’ installments of $650.00 per month until the maturity date [Dec. 1, 2008], when the total unpaid principal balance and interest thereon will become due and payable if not sooner paid.” The note was secured by a mortgage (exhibit 2), dated November 15, 2006, and recorded in the Office of the City Register of the City of New York, on January 29, 2007, at City Register file No. 2007000053435. The HUD-1 settlement statement from the November 15, 2006 closing was presented in evidence (exhibit 3), showing that the closing took place at plaintiff Balsam’s Manhattan law office.
Defendants had difficulties in making timely payments to plaintiff. Defendant Patrick’s checks, dated June 5, 2007 and *363 July 27, 2007, for $650 each to plaintiff Balsam were both returned for insufficient funds in the account (exhibits 4, 5). It is undisputed that plaintiff Balsam owned the subject note and mortgage when the instant case commenced and defendants defaulted on the note and mortgage by failing to pay the required monthly interest payments, beginning with the October 1, 2007 payment due. Plaintiff, who is now appearing pro se, had his then counsel, on May 7, 2008, send defendants a notice of default and demand for payment (exhibit 6). Defendants did not make any payment and plaintiff subsequently commenced the instant foreclosure action.
Defendant Patrick raised at trial an affirmative defense, pursuant to Real Property Actions and Proceedings Law § 1302, that plaintiff Balsam gave defendants a “high-cost” home loan, as defined in Banking Law § 6-1, and plaintiff Balsam violated the notice provisions of RPAPL 1304, by failing to provide defendants with required prior notices for a subprime or nontraditional home loan. Defendant Patrick relies upon the November 22, 2010 decision by the IAS Justice in the instant action (Balsam v Fioriglio, 30 Misc 3d 400 [Sup Ct, Kings County 2010]), denying plaintiff Balsam’s motion for a judgment of foreclosure and sale, on the grounds that the subject $60,000 loan was a “high-cost” loan, as defined in Banking Law § 6-1, alleging that this decision is the “law of the case” and defendants owe nothing to plaintiff Balsam.
Plaintiff Balsam testified that the subject loan and mortgage are the only loan and mortgage that he ever made. Moreover, he argues that this makes him exempt from having to be licensed as a “mortgage banker,” pursuant to Banking Law § 590 (2), and the subject loan is not subject to the “high-cost” loan limitations and prohibited practices, defined in Banking Law § 6-1 (2).
The court, as will be explained, finds that the prior November 22, 2010 decision in this action is not “the law of the case,” because defendant Patrick’s arguments are incorrect. Plaintiff Balsam’s trial testimony was credible. A preponderance of the credible evidence demonstrates that defendants defaulted in their payments under the note and fail to demonstrate a meritorious defense.
Plaintiff Balsam is exempt from having to be licensed as a “mortgage banker” and the subject loan is not subject to the “high-cost” loan limitations and prohibited practices, defined in Banking Law § 6-1 (2). Therefore, with defendants Patrick and *364 Zenda clearly in default under the terms of the subject mortgage and note, a judgment of foreclosure and sale will be granted to plaintiff Balsam for the premises located at 3801 Oceanview Avenue, Brooklyn, New York (block 6955, lot 29, County of Kings), together with costs and disbursements for the instant action.
Conclusions of Law
Plaintiff Balsam proved the existence of the subject note and mortgage, continued to own the subject note and mortgage when this action commenced and proved that defendants Patrick and Zenda defaulted.
“To establish a prima facie case in an action to foreclose a mortgage, the plaintiff must establish the existence of the mortgage and mortgage note, ownership of the mortgage, and the defendant’s default in payment (see Household Fin. Realty Corp. of N.Y. v Winn, 19 AD3d 545 [2005]; Sears Mtge. Corp. v Yaghobi, 19 AD3d 402 [2005]; Ocwen Fed. Bank FSB v Miller, 18 AD3d 527 [2005]; U.S. Bank Trust N.A. Trustee v Butti, 16 AD3d 408 [2005]).” (Campaign v Barba, 23 AD3d 327, 327 [2d Dept 2005]; see Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 755 [2d Dept 2011]; Grogg v South Rd. Assoc., L.P., 74 AD3d 1021 [2d Dept 2010].)
“Once the plaintiff has made such a showing, it is then incumbent upon the defendant to assert any defenses which could properly raise a triable issue of fact regarding the default (see Grogg v South Rd. Assoc., L.P., 74 AD3d 1021 [2010]; Metropolitan Distrib. Servs. v DiLascio, 176 AD2d 312 [1991]).” (Wells Fargo Bank, N.A. Bank v Cohen at 755.)
Defendant Patrick’s affirmative defense, that plaintiff Balsam failed to comply with RPAPL 1302, in that plaintiff Balsam gave defendants a “high-cost” home loan, as defined in Banking Law § 6-1, and plaintiff Balsam violated the notice provisions of RPAPL 1304, by failing to provide defendants with required prior notices for a subprime or non-traditional home loan, is unavailing.
Plaintiff Balsam is not a “Lender,” pursuant to the statutory definition in Banking Law § 6-1 (1). According to Banking Law § 6-1 (1) (i), “ ‘Lender’ means a mortgage banker as defined in paragraph (f) of subdivision one of section five hundred ninety of this chapter or an exempt organization as defined in paragraph (e) of subdivision one of section five hundred ninety *365 of this chapter.” Banking Law § 590 (1) (f) defines a “mortgage banker” as “a person or entity who or which is licensed pursuant to section five hundred ninety-one of this chapter to engage in the business of making mortgage loans in this state.” However, plaintiff Balsam, who made only one mortgage loan in his life, the subject loan to Patrick and Zenda, is exempt from being licensed as a “mortgage banker,” pursuant to Banking Law § 590 (2), which states:
“Necessity for license, (a) No individual, person, partnership, association, corporation or other entity shall engage in the business of making mortgage loans without first obtaining a license from the superintendent in accordance with the licensing procedure provided in this article and such regulations as may be promulgated by the superintendent. The licensing provisions of this subdivision shall not apply to: (i) any exempt organization; (ii) any entity or entities which shall be exempted in accordance with regulations promulgated by the superintendent hereunder; or (iii) any individual, person, partnership, association, corporation or other entity which makes not more than three such loans in a calendar year, nor more than five in a two year period, provided that no such mortgage loans have been made which were solicited, processed, placed or negotiated by a mortgage broker, mortgage banker or exempt organization.” (Emphasis added.)
Defendant Patrick argues, in his verified answer, the affirmative defense that the subject note and mortgage are an illegal transaction, because plaintiff Balsam “solicited, processed and negotiated the mortgage loan which underlies this action, as such terms are used in Section 590 (2) of the Banking Law of the State of New York, without at the time thereof, upon information and belief, being licensed as a mortgage broker, as required thereunder.” Further, he asserts “[i]n connection with the aforesaid illegal transaction the Plaintiff also funded the loan which is the subject of this action and such funding is inextricably intertwined therewith.” Defendant Patrick overlooks that Banking Law § 590 (1) (g) defines a “mortgage broker” as “a person or entity registered pursuant to section five hundred ninety-one-a of this chapter to engage in the business of soliciting, processing, placing or negotiating mortgage loans for others, or offering to solicit, process, place or negotiate mortgage loans for others.” Therefore, it does not apply to the *366 instant action because plaintiff Balsam is exempt from being licensed as a “mortgage banker.” Banking Law § 590 (1) (d) provides that
“ ‘[s] eliciting, processing, placing or negotiating a mortgage loan’ shall mean for compensation or gain, either directly or indirectly, accepting or offering to accept an application for a mortgage loan, assisting or offering to assist in the processing of an application for a mortgage loan, soliciting or offering to solicit a mortgage loan on behalf of a third party or negotiating or offering to negotiate the terms or conditions of a mortgage loan with a lender on behalf of a third party.” (Emphasis added.)
Clearly, plaintiff Balsam did not act on behalf of any third parties or deal with any third parties. The subject loan was agreed upon between plaintiff and defendants. Plaintiff Balsam was the lender for the subject loan on November 15, 2006. Plaintiff and defendants knew each other prior to the subject loan. On September 29, 2006, defendant Patrick deeded the premises to himself and Zenda, with plaintiff Balsam taking defendant Patrick’s grantor signature as a notary public and as attorney for Patrick presented the deed for recording. The deed was recorded in the Office of the City Register of the City of New York, on October 16, 2006, at City Register file No. 2006000576531.
Defendant Patrick argues that the prior November 22, 2010 decision by the IAS Justice in the instant action (Balsam v Fioriglio, 30 Misc 3d 400 [Sup Ct, Kings County 2010]) is the “law of the case.” This court agrees with the November 22, 2010 decision’s holding, at 402, that “[p]laintiff has established that he is not a lender within the meaning of the statute [Banking Law § 6-1 (1) (i)].” However, the prior decision then states, at 402, that various paragraphs of Banking Law § 6-1 (2) apply to plaintiff because “[s]ome of the ensuing paragraphs prohibit conduct by ‘lenders,’ while other paragraphs prohibit mortgage terms regardless of who the lender/mortgagee is.” This is incorrect. Banking Law § 1 states:
“This chapter, together with amendments thereof, shall be known as the ‘banking law,’ and shall be applicable to all corporations, partnerships and individuals defined in the next section and to such other corporations, unincorporated associations, partnerships and individuals as shall subject themselves to special provisions thereof, or who shall, by violating *367 any of its provisions, become subject to the penalties provided therein.” (Emphasis added.)
Plaintiff Balsam is an individual not defined in the next section and because of his exemption from being licensed for giving only one mortgage is not “subject ... to special provisions” of the Banking Law.
The “law of the case” doctrine does not require this court to follow the prior November 22, 2010 decision of the IAS Justice. The Court, in Matter of Seltzer v New York State Democratic Comm. (293 AD2d 172, 174 [2d Dept 2002]), held that
“this Court is not bound by the doctrine of the law of the case, which is not so inflexible as to preclude the correction of a ruling based on new evidence or a change in the law if the error sought to be corrected is so ‘plain . . . [that it] would require [the] court to grant a reargument of a cause’ (Foley v Roche, 86 AD2d 887, 887, quoting Eaton v Alger, 41 NY 345, 348).”
Moreover, in Foley v Roche (at 887), the Court instructed:
“The doctrine of law of the case is ‘not an absolute mandate on the court,’ since it may be ‘ignored’ in ‘extraordinary circumstances’ vitiating its effectiveness as a rule fostering orderly convenience (Politi v Irvmar Realty Corp., 13 AD2d 469; Walker v Gerli, 257 App Div 249, 251; see Barrett v State Mut. Life Assur. Co., 58 AD2d 320, 322, affd 44 NY2d 872, cert den 440 U.S. 912), such as a change in the law or a showing of new evidence affecting the prior determination (Matter of Yeampierre v Gutman, 57 AD2d 898, 899).”
Thus, the misreading of the applicability of various paragraphs of Banking Law § 6-1 (2) to plaintiff Balsam in the prior November 22, 2010 decision is an extraordinary circumstance, allowing the court not to follow this ruling under the law of the case. “The law of the case operates to foreclose re-examination of that issue absent a showing of extraordinary circumstances.” (Lipp v Port Auth. of N.Y. & N.J., 57 AD3d 953, 954 [2d Dept 2008].) The Court, in Frankson v Brown & Williamson Tobacco Corp. (67 AD3d 213, 217-218 [2d Dept 2009]), instructed:
“Unlike res judicata and collateral estoppel, which ‘are rigid rules of limitation,’ the law of the case doctrine ‘is a judicially crafted policy that “expresses the practice of courts generally to refuse to reopen *368 what has been decided, [and is] not a limit to their power” ’ (People v Evans, 94 NY2d at 503, quoting Messenger v Anderson, 225 US 436, 444 [1912]).”
Conclusion
Accordingly, it is ordered, that after conducting a bench trial in the instant action, reviewing the trial transcript, all of the evidence presented at trial and the posttrial proposed findings of fact and conclusions of law, a judgment of foreclosure and sale for the premises located at 3801 Ocean view Avenue, Brooklyn, New York (block 6955, lot 29, County of Kings), will be granted to plaintiff Howard A. Balsam, together with costs and disbursements for the instant action, against defendants Patrick Fioriglio and Zenda Fioriglio; and it is further ordered, that this action be referred to Meryl L. Wenig, Esq., of Wenig Saltiel, LLR having an office at 26 Court Street, Suite 1200, Brooklyn, NY 11242, telephone number (718) 797-5700, as Referee to ascertain and compute the amount due to plaintiff Howard A. Balsam herein for principal, interest and other disbursements advanced as provided for by statute and in the note and mortgage upon which this action was brought, to examine and report whether or not the mortgaged premises should be sold in parcels, and that the Referee make her report no later than 60 days from the date of this order and that, except for good cause shown, plaintiff Howard A. Balsam shall move for final judgment of foreclosure and sale no later than 60 days from the date of the Referee’s report; and it is further ordered, that upon submission of the Referee’s report, plaintiff Howard A. Balsam shall pay $250 to the Referee as compensation for her services, which sum may be recouped as a cost of litigation; and it is further ordered, that the Referee appointed is subject to the requirements of section 36.2 (c) of the Rules of the Chief Judge (22 NYCRR), and if the Referee is disqualified from receiving an appointment pursuant to the provisions of that rule, the Referee shall notify the court; and it is further ordered, that by accepting this appointment the Referee certifies that she is in compliance with part 36 of the Rules of the Chief Judge (22 NYCRR), including but not limited to section 36.2 (c) (“Disqualifications from appointment”) and (d) (“Limitations on appointments based upon compensation”); and it is further ordered, that the caption in this action is amended by striking defendants New York City Environmental Control Board, Marvin Rubenstein and Joseph Gold, all without prejudice to the proceedings heretofore had herein; and it is further ordered, *369 that the caption of this action as amended shall read as follows:
SUPREME COURT OF THE STATE OF NEW YORK KINGS COUNTY
HOWARD A. BALSAM,
Plaintiff,
-against- Index No. 17453/08
PATRICK FIORIGLIO and ZENDA FIORIGLIO, Defendants.
and it is further ordered, that a copy of this order with notice of entry shall be served upon the Referee, owner of the equity of redemption and any other party entitled to notice within 20 days of notice of entry and no less than 30 days prior to any hearing before the Referee, and the Referee shall not proceed to take evidence as provided herein without proof of such service, which proof must accompany any application for a final judgment of foreclosure and sale.